UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANDREW JAY WILLETT,

        Petitioner,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS,

        Respondent.
_____/

Case No. 1:19-cv-89

Honorable Robert J. Jonker

## OPINION

This is an action brought by a federal prisoner that the Court construes as a federal habeas petition under 28 U.S.C. § 2241. Petitioner challenges a detainer filed against him. This sort of challenge is a "pre-trial" matter that is properly raised under § 2241. *Norton v. Parke*, 892 F.2d 476, 478 n.5 (6th Cir. 1989). Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it appears from the application that the applicant or person detained is not entitled" to relief. 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. The Court will dismiss the action for failure to exhaust administrative remedies.

## Discussion

I.        Factual allegations

Petitioner Andrew Jay Willett is incarcerated with the federal Bureau of Prisons in Greenville, Illinois. He contends that the Michigan Department of Corrections (MDOC) has filed a detainer against him. A detainer is a "request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for

the agency or to notify the agency when the release of the prisoner is imminent." *Carchman v. Nash*, 473 U.S. 716, 719 (1985). Petitioner apparently responded to the detainer seeking removal or disposition of the charge against him, but he did not receive a response. He asks the Court to dismiss the detainer because the State did not prosecute him within the 180-day deadline set forth in the Interstate Agreement on Detainers (IAD), Mich. Comp. Laws § 780.601. The purpose of this statute is to "encourage the expeditious and orderly disposition" of "charges outstanding against . . . prisoner[s]." *Id.*

II. Exhaustion of Administrative Remedies

The Sixth Circuit has held that exhaustion of administrative remedies under the IAD is required before a prisoner may seek habeas relief in federal court. *Norton*, 892 F.2d at 480; *see also Grant v. Hogan*, 505 F.2d 1220, 1223 (3d Cir. 1974) (involving a federal prisoner subject to a state detainer); *Slaughter v. Henderson*, 470 F.2d 743, 744 (5th Cir. 1972) (per curiam) (same). Generally, a petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges no facts indicating that he has exhausted available administrative remedies.

In this case, Petitioner's remedy is to file a motion to dismiss any pending charges in the Michigan circuit court with jurisdiction over the detainer and the charges against him. *See People v. Swafford*, 762 N.W.2d 902, 904 (Mich. 2009) (discussing such a motion). If that motion is not successful, he can appeal that decision to the Michigan appellate courts. In other words, before seeking relief in federal court, Petitioner must "avail[] himself fully of the state machinery" available to consider to his claim that the state has not complied with the IAD. *See Atkins v. Michigan*, 644 F.3d 543, 547 (6th Cir. 1981). Because he has not yet done so, the Court will dismiss the petition without prejudice for lack of exhaustion.

III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

When a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both showings must be made to warrant the grant of a certificate. *Id.*

Reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied.

The Court will enter an order and judgment consistent with this opinion.


Dated:    February 28, 2019              /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         CHIEF UNITED STATES DISTRICT JUDGE